# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

|  |  |
|---|---|
| DR. MAKETA S. JOLLY, RN, | ) |
|  | ) |
| Petitioner, | ) Civil Action No. 2:26-cv-00856 |
|  | ) |
| vs. | ) |
|  | ) |
| COMMONWEALTH OF | ) United States District Judge |
| PENNSYLVANIA; PENNSYLVANIA | ) William S. Stickman, IV |
| STATE BOARD OF NURSING; JOSH | ) |
| SHAPIRO, IN HIS OFFICIAL | ) United States Magistrate Judge |
| CAPACITY AS GOVERNOR OF THE | ) Christopher B. Brown |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA; MICHELLE | ) |
| HENRY, IN HER OFFICIAL | ) |
| CAPACITY AS ATTORNEY | ) |
| GENERAL OF THE | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA; NEW JERSEY | ) |
| BOARD OF NURSING; MATTHEW J. | ) |
| PLATKIN, IN HIS OFFICIAL | ) |
| CAPACITY AS ATTORNEY | ) |
| GENERAL OF THE STATE OF NEW | ) |
| JERSEY; NATIONAL | ) |
| PRACTITIONER DATA BANK; | ) |
| HEALTH RESOURCES AND | ) |
| SERVICES ADMINISTRATION; | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| NATIONAL COUNCIL OF STATE | ) |
| BOARDS OF NURSING, INC.; and | ) |
| KAUFMAN BORGEEST & RYAN LLP, | ) |
|  | ) |
|  | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION RECOMMENDING CASE
## BE DISMISSED WITHOUT PREJUDICE PRIOR TO SERVICE FOR LACK
## OF JURISDICTION

1

**Christopher B. Brown, United States Magistrate Judge**

## I.    Recommendation

Presently before the Court is a "Combined Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651" (the "Petition") filed by Petitioner, Dr. Maketa S. Jolly, R.N.  Screening the petition before service, *see* 28 U.S.C. § 2243, it is recommended the petition be dismissed without prejudice for lack of jurisdiction.  To the extent one is required, it is further recommended the Court deny a certificate of appealability.

## II.    Report

### A.    Background

This habeas case was initiated on May 12, 2026, by the filing of a 38-page typewritten Petition, ECF No. 1, and payment of the $5.00 filing fee, ECF No. 1-2, by Petitioner, Dr. Maketa S. Jolly, R.N.  Named as Respondents are the Commonwealth of Pennsylvania; the Pennsylvania State Board of Nursing; Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; Michelle Henry, in her official capacity as Attorney General of the Commonwealth of Pennsylvania; the New Jersey Board of Nursing; Matthew J. Platkin, in his official capacity as Attorney General of the State of New Jersey; National Practitioner Data Bank; Health Resources and Services Administration; United States Department of Health and Human Services; National Council of State Boards of Nursing, Inc.; and Kaufman Borgeest  Ryan LLP.  ECF No. 1.

2

Jolly contends that after the expiration of her New Jersey RN license in May 2019, the New Jersey Board of Nursing "fabricated a Licensed Practical Nurse ("LPN") designation attributed to Dr. Jolly." *Id.*, ¶B.6. Additionally, the New Jersey Board of Nursing "generated fabricated disciplinary records attributed to Dr. Jolly." *Id.*, ¶B.9. Jolly contends these fabricated records "constitute the foundational fraud upon which every subsequent adverse action against Dr. Jolly has been built. Every proceeding, every decision, and every restraint on Dr. Jolly's liberty traces directly back to these fabricated records." *Id.*, ¶B.9. According to Jolly, these fabricated records are published in nationwide databases and "[n]o hospital, health plan, educational institution, or employer that queries [the national databases] will consider Dr. Jolly for employment or credentialing[.]" *Id.*, ¶C.22.

Jolly asserts the petition is filed in the Western District of Pennsylvania because,

> the Commonwealth of Pennsylvania, through its Governor, Attorney General, and Board of Nursing, exercises statewide authority that extends throughout the Western District; the fabricated records and disinformation materials were deployed statewide the Governor's office in Harrisburg and the Board of Nursing in Harrisburg, affecting Petitioner's rights throughout the Commonwealth including the Western District; and the restraints on Petitioner's liberty operate statewide and nationwide, restricting her professional movement and economic capacity in every county within both the Eastern and Western Districts.[1]

---

[1]   Jolly states the "statewide deployment of fabricated records through state agencies headquartered in Harrisburg – occurred within or affected the Western District." ECF No. 1, Preliminary Statement, at 2. The undersigned notes that no Respondent is located in the Western District.

ECF No. 1, Preliminary Statement, at 2.  She asserts five claims for habeas corpus relief:  Ground One – deprivation of liberty without due process (Fourteenth Amendment); Ground Two – deprivation of liberty and reputation without due process; Ground Three – equal protection violation (Fourteenth Amendment); Ground Four – violation of the right of access to courts (First Amendment); Ground Five – Privacy Act violations (5 U.S.C. § 552A).  ECF No. 1 at 22-28.  And four claims for coram nobis relief:  Ground One – fundamental error of fact; Ground Two – error was unknown to the courts; Ground Three - justification for delay; and Ground Four – ongoing civil consequences.  *Id.* at 28-33.[2]  Along with injunctive relief, Jolly requests compensatory damages, reasonable attorney's fees and costs, and such other relief as the Court deems just, proper, and equitable.  *Id.* at 34-35.

Jolly is a serial pro se litigant.  *See* https://pacer.login.uscourts.gov.  She has filed numerous civil cases challenging the alleged fabrication of her licensure records by the New Jersey Board of Nursing.  The Petition states,

> Dr. Jolly has filed approximately fifteen judicial actions across multiple courts and jurisdictions seeking redress for the fabrication of her licensure records and the resulting restraints on her liberty.  These filings have been made in the Philadelphia Court of Common Pleas, the Dauphin County Court of Common Pleas, the Commonwealth Court of Pennsylvania, the Superior Court of Pennsylvania, the Supreme Court of Pennsylvania, the United States District Court for the

---

[2]    Jolly contends "[t]he habeas corpus and corm nobis theories are not merely alternative theories of relief – they are mutually reinforcing components of a single request for extraordinary judicial intervention.  The habeas theory attacks the ongoing restraints on Petitioner's liberty[.] . . . The coram nobis theory attacks the fabricated evidentiary foundation upon which all of those restraints are built[.]"  ECF No. 1, ¶ VII.

> Eastern District of Pennsylvania, and the United States
> District Court for the Northern District of California.

ECF No. 1, ¶ 29.[3] "On each occasion, the matter was not permitted to proceed to merits adjudication. No court has ever reached the substance of Dr. Jolly's claims – the fabrication of records, the absence of any investigation or proceeding, the lack of jurisdiction, or the constitutional violations." *Id.*, ¶ 30. Having no success in her civil cases, Jolly now raises many of the same claims she has raised before, but now pursues these claims under 28 U.S.C. § 2241 and 28 U.S.C. § 1651.

### B.      Screening of Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (Habeas Rule 4). Even though Jolly has filed a Section 2241 petition in this case, the Court must still preliminary screen it. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). When conducting this screening, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Habeas Rule 4; *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any

---

[3]      The Court's review of the Public Access to Court Electronic Records ("PACER") reflects Jolly has filed 35 cases in various federal courts around the country. *See* https://pacer.login.uscourts.gov (last viewed 5/29/2026).

exhibits annexed to it that the petitioner is not entitled to relief in the district court."); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). In contrast, the writ of coram nobis "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer in custody for purposes of 28 U.S.C. § 2255." *United States v. Stoneman*, 70 F.2d 102, 105-06 (3d Cir. 1989) (internal quotation marks and citation omitted).

### C.    Discussion

The undersigned has thoroughly reviewed Jolly's Petition and it plainly appears Jolly is not entitled to habeas relief. Among her requests for habeas relief, Jolly seeks monetary damages for "all economic, reputational, emotional, and dignitary harm sustained as a result of the fabricated records and the unlawful restraints on Petitioner's liberty[.]" ECF No. 1 at 34-35. Requests for monetary damages are unavailable in federal habeas cases. *See Preiser,* 411 U.S. at 494 (explaining "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy[.]").

But, Jolly has an even more fundamental problem.  She is trying to use a habeas petition to present claims that she cannot base a habeas corpus action on.  As explained above, habeas petitions are used to challenge *criminal convictions or unlawful detentions*.  Section 2241 applies when petitioners are in custody, whereas coram nobis applies when petitioners are no longer in custody,[4] but contend there are continuing consequences from their convictions.

Here, this petition fails for the simple reason that Jolly is not challenging a criminal conviction or her imprisonment, nor is she challenging the collateral consequences of a criminal conviction.  Jolly does not assert any claims supporting a claim under either 28 U.S.C. § 2241 or 28 U.S.C. § 1651.  Accordingly, it is recommended this matter be dismissed for lack of jurisdiction without prejudice to Jolly filing an adequate civil complaint.  *See Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012)(affirming the dismissal for lack of subject matter jurisdiction of a complaint brought as a habeas petition.); *Kenney v. Warden Lewisburg USP*, 591 F. App'x 45, 47 (3d Cir. 2014) (dismissal of a habeas petition is proper when it does not challenge the fact or duration of the petitioner's imprisonment.).

---

[4]     Jolly's argument that she meets the "in custody" requirement because of the "significant restraints on her liberty" is misplaced.  *See* ECF No. 1 at 1-2.  Section 2241(c) specifically states, "The writ of habeas corpus shall not extend to a **prisoner** unless – (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]" (emphasis added).  The Supreme Court of the United States has explained, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S.488, 490 (1989).  "We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed." *Id*. at 490-91.  Jolly is not "in custody under a conviction or sentence" nor is she serving an unexpired sentence, such as parole. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (holding a prisoner who had been placed on parole was still "in custody" under an unexpired sentence).

7

If Jolly seeks to bring this action as a civil rights action or any other civil action, she must initiate a new lawsuit and (1) tender to the "Clerk, U.S. District Court" the statutory filing fee in the amount of $405.00; or (2) file a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[5]

## III.    Conclusion

For these reasons stated, it is respectfully recommended the "Combined Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651" be dismissed prior to service for lack of jurisdiction.  To the extent one is required, it is further recommended the Court deny a certificate of appealability.

Petitioner is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge.  Petitioner must file written objections, if any, to this Report and Recommendation by **June 18, 2026**. Petitioner is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983)).  *See also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

---

[5]    It should be noted the undersigned is not making any determination as to whether Jolly will be successful in bringing a civil lawsuit in this Court.

DATED this 1st day of June, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:     MAKETA S. JOLLY
        388 Allendale Rd.
        King of Prussia, PA 19406
        (via U.S. First Class Mail)

9